IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK ANTHONY REYNA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2937 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Mark Anthony Reyna, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2006 state court conviction for aggravated assault against a public servant. Respondent filed a motion for summary judgment based on expiration of limitations, and served petitioner a copy of the motion on December 7, 2009. (Docket Entry No. 15.) Despite expiration of a reasonable time in excess of over sixty days, petitioner has failed to file a response to the motion for summary judgment.

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case as barred by limitations.

## I.  Background

Petitioner pleaded guilty to aggravated assault of a public servant on August 21, 2006, and was sentenced to ten years incarceration.  No direct appeal was taken.  His application for state habeas relief, filed on September 29, 2008, was denied by the Texas Court of Criminal Appeals on July 22, 2009.  Petitioner filed the instant federal habeas petition on August 28, 2009.  Respondent asserts that the petition is barred by the applicable one-year statute of limitations.

## II.  Analysis

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

Petitioner pleaded guilty to the charged offense and was sentenced on August 21, 2006. No direct appeal was taken. Accordingly, his conviction became final for purposes of AEDPA no later than September 20, 2006, when time for filing a direct appeal expired. *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003); *see also* TEX. R. APP. P. Rule 26.2(a)(1) (requiring that a notice of appeal be filed "within 30 days after the day sentence is imposed"). Limitations expired one year later, on September 21, 2007. Petitioner did not file his application for state habeas relief until September 29, 2008, after expiration of limitations, and the application had no tolling effect for purposes of AEDPA. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after expiration of federal limitations has no tolling effect).

Neither petitioner nor the record shows any grounds for equitable or statutory tolling, and the instant petition is barred by the AEDPA one-year statute of limitations.

### III.   Conclusion

The motion for summary judgment (Docket Entry No. 15) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations.  Any and all pending motions are **DENIED AS MOOT**.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 18th day of February, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE